

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

Overruled by JM-95 where Conflicts

WAGGONER CARR
ATTORNEY GENERAL

May 14, 1963

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Opinion No. C-75

Re: Authority of the Commissioners Court to enter into a contract for the sale or rental of IBM data processing cards and copies of microfilms of instruments filed in the County Clerk's office.

Dear Mr. Resweber:

You have requested the opinion of this office as to whether the Commissioners Court of Harris County is authorized to enter into a contract for the sale and/or rental of IBM data processing cards and copies of microfilms of instruments filed for record in the office of the County Clerk.

A proposed contract has been submitted together with additional information regarding the exact mechanical processes involved. It appears that the County Clerk prepares IBM data cards reflecting each document filed in a real estate transaction. These cards are then used to prepare the various indices necessary. Also, microfilm copies are made of each instrument filed during a day's business, and these microfilms are then melded into the master microfilm record. After the IBM data cards have performed their function, they are disposed of as waste paper. This disposal is apparently lawful in view of Attorney General's Opinion No. V-40 (1947), which holds that counties have power to dispose of useless or worn out personal property as a necessary adjunct of the power to conduct county business.

With reference to the contract that is proposed, it appears that the County Clerk would be obligated to prepare a duplicate set of IBM cards and microfilm prints. This duplicate set apparently could be prepared at the same time the original set is prepared with the expenditure of very little extra effort and expense on the part of the County Clerk. It should be emphasized that the materials that would be delivered to the contractor are materials specially

-367-

prepared for him by the County Clerk.

Article 6600, Vernon's Civil Statutes, requires the County Clerk to give attested copies of instruments filed in his office, and requires that the Clerk receive the fee set by law therefor. Articles 3930 and 3930a, Vernon's Civil Statutes, establish the fee schedule for copies prepared by the County Clerk. Assuming, without so holding, that the County Clerk's microfilmed copies are equivalent to the original records, it is the opinion of this office that the Commissioners Court is without authority to contract for the sale of copies of the microfilmed records. Such a sale would contravene the fee schedules established in Articles 3930 and 3930a, unless the sale price was in accord with the fee schedule; this is clearly not the case here, for the contract would then be of no apparent value.

Assuming that the copies of microfilm records which are the subject of this proposed contract are not equivalent to the original records, the contract would still be beyond the power vested in the Commissioners Court. The County Clerk would be preparing copies of films solely for a profit-making sale under a contract. Such is not the purpose of the office of county clerk, and no statutory justification for the action can be found. See Tobin v. Knaggs, 107 S.W. 2d 677 (Tex.Civ.App. 1937, error ref.).

The same reasoning and authority applies with equal force to the preparation and sale of a duplicate set of IBM data cards reflecting the daily filings in the County Clerk's office.

It is therefore the opinion of this office that the Commissioners Court has no authority to enter into a contract for the sale or rental of IBM data processing cards and copies of microfilms of instruments filed in the County Clerk's office, when such sale is of the type contemplated by the submitted contract.

### SUMMARY

The Commissioners Court is authorized to dispose of personal property for which the County has no further use. However, the County is not authorized to prepare special sets of records for sale to private contractors in the absence of statutory authority therefor.

Article 6600, V.C.S., provides the method for sale of attested copies of records in the office of the County Clerk and a contract which is in derogation of this statute would be a nullity.

Yours very truly,

WAGGONER CARR
Attorney General

By Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Pat Bailey
Howard Fender
Edward Moffett
James M. Strock

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone